UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LEANDER L. BURKS,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-13-0070-C-1

DATE: September 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leander L. Burks, Milwaukee, Wisconsin, pro se.

Matthew J. Gowan, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of a Board decision mitigating his removal to a 30-day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. The compliance initial decision is VACATED, and the petition for enforcement is DISMISSED AS MOOT.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant filed a Board appeal challenging his removal. Initial Appeal File (IAF), Tab 1. On July 16, 2013, the administrative judge issued an initial decision in which he ordered the agency to cancel the appellant's removal and substitute in its place a 30-day suspension without pay no later than 20 days after the initial decision became final. IAF, Tab 23, Initial Decision (ID) at 4. The administrative judge also ordered the agency to pay the appellant the appropriate amount of back pay, interest, and benefits. ID at 4. Neither party filed a petition for review, and therefore the initial decision became final on August 20, 2013. *See* ID at 5.

¶3      On September 13, 2013, the appellant filed a petition for enforcement of the Board's decision mitigating his removal. Compliance File (CF), Tab 1. He submitted a letter from the agency informing him that his removal was being reduced to a 30-day suspension, but that he was not entitled to any back pay because he had received two subsequent notices of proposed removal, both of

which were to have the same effective date as the removal mitigated by the Board. CF, Tab 3 at 2. The agency indicated that the appellant had not filed Board appeals challenging those other removal actions, but that those matters were scheduled for arbitration in October 2013.

¶4     On November 13, 2013, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 7, Compliance Initial Decision (CID). He found that the other removal action "effectively super[s]edes" the action that was the subject of the appellant's Board appeal. CID at 2. The appellant has filed a petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. In its response to the petition for review, the agency indicated that the appellant's other removal actions had been "modified" in November 2013 arbitration awards, and that the appellant would be receiving full back pay extending back to the date of his removal. PFR File, Tab 3 at 5-6. The agency argued that there was therefore no relief that the Board could grant on review. *Id.* at 6.

¶5     The Board issued an order seeking clarification regarding both the status of the removal that was the subject of the underlying Board appeal as well as any back pay the appellant has received. PFR File, Tab 6. In response, the agency submitted evidence appearing to show that the appellant's removal had been mitigated to a 30-day suspension, and that the agency had paid the appellant back pay not only for the period following the 30-day suspension, but also for the period of the suspension. PFR File, Tab 8. The appellant did not respond to the Board's order.

¶6     In the initial decision in the underlying Board appeal, which became the Board's final decision when neither party filed a petition for review, the Board ordered the agency to cancel the appellant's removal and substitute in its place a 30-day suspension without pay. ID at 4. The Board further ordered the agency to pay the appellant the appropriate amount of back pay. ID at 4. The agency has submitted evidence on review that it has complied with both aspects of the

Board's order.  PFR File, Tab 8 at 8 (letter informing the appellant that his removal had been reduced to a 30-day suspension), 24-31 (printout showing the agency's back pay calculation).[2]  The appellant has not challenged the agency's evidence of compliance.  We therefore DISMISS the petition for enforcement AS MOOT.  *See Singletary v. U.S. Postal Service*, 84 M.S.P.R. 211, ¶ 5 (1999) (dismissal as moot was appropriate in light of the agency's apparent compliance and the appellant's failure to object to the agency's evidence of compliance).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This is the Board's final decision in this enforcement proceeding.  5 C.F.R. § 1201.183(c)(1).  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

[2] It appears from the agency's submissions on review that it paid the appellant back pay in response to arbitration awards in connection with the other removal actions taken against him, rather than in response to the Board's order in the underlying appeal.  PFR File, Tabs 3, 8.  However, we need not determine the particular reason for the agency's apparent compliance; the only issue before us is whether the agency has fully complied with the Board's order.

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____

                             William D. Spencer
                             Clerk of the Board

Washington, D.C.